K.C.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA         )
                                 )      JUDGE GRADY
                Plaintiff,       )
                                 )      **FILED**
         v.                      )      FEB 2 2 2005      **05C 1059**
                                 )
POLESTAR CAPITAL CORP.           )      MICHAEL W. DOBBINS
                                 )      CLERK, U.S. DISTRICT COURT
                Defendant.       )                MAGISTRATE JUDGE
                                 )                GERALDINE SOAT BROWN
                                 )

## COMPLAINT

The United States, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, brings this action for seeking a statutory receivership and a judgment against the defendant, Polestar Capital Corp. and for its cause of action states:

### Introduction

1. This is a civil action brought by the United States of America on behalf of its agency, the Small Business Administration (hereinafter, "SBA" or "Agency"), whose central office is located at 409 3rd Street, S.W., Washington, D.C. 20416.

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended, (hereinafter "Act"), Sections 308(d), 311 and 316, 15 U.S.C. §§ 687(d), 687, 687c and 687(h); the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. The defendant, Polestar Capital Corp. ("Polestar" or "licensee") is a Delaware corporation whose principal place of business is located at 180 N. Michigan Ave., Chicago, Illinois 60601. Venue is therefore proper under 15 U.S.C. §§ 687(d) and 687h and 28 U.S.C. §1391(b).

4. The plaintiff, the Small Business Administration (hereinafter "SBA") is an Agency of the United States of America with its central office located at 409 Third Street, S.W., Washington, D.C., 20416.

Statement of Facts and Applicable Law

5. Defendant, Polestar, (formerly known as Amoco Venture Capital Corp.) was licensed by SBA as a small business investment company ("SBIC") on December 22, 1970, SBA License No. 05/07-5083 under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the aforesaid Act and the regulations promulgated there under.

6. Section 308(c) of the Act, 15 U.S.C. § 687(c), authorizes SBA to prescribe regulations to govern the operations of SBICs under the Act and to carry out the provisions of the Act. The SBA has duly promulgated regulations implementing the Act, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (2002) (hereinafter "Regulations").

7. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

8. Section 311 of the Act 15 U.S.C. § 687c, provides that whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or

2

practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for any injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

9. As of November 13, 2002, the Licensee was indebted to SBA in the amount of $7,890,742.59, ("the Indebtedness") which consisted of principal and accrued dividends on SBA owned preferred stock.

10. Because of a violation of the Regulations by the Licensee, SBA accelerated Licensee's indebtedness to SBA. SBA and Licensee agreed to compromise the indebtedness to $4,700,000. A payment of $2,600,000 was paid to SBA. SBA and Licensee agreed to enter into a Loan Agreement for the balance due effective December 1, 2002. The Agreement provided that Licensee would liquidate its portfolio assets in order to pay its remaining Indebtedness to SBA. The Loan Agreement is part of the Loan Documents, which consist of the Loan Agreement, the Secured Note, the Security Agreement, and the Consent Order and Judgment. A copy of the Loan Documents are attached hereto as Exhibit 1 and incorporated herein by reference.

11. The Loan Agreement provided that the Indebtedness was to be evidenced by a secured note, effective December 1, 2002, duly executed on behalf of Licensee, payable to SBA in the principal amount of $2,100,000 and having a term of 24 months. Interest accrued on the note at a rate of 3.4%. As part of the Loan Agreement, the assets of Licensee are pledged to SBA

3

pursuant to a Security Agreement. Polestar executed the note. That Secured Note is part of Exhibit 1 and incorporated herein by reference.

12. The Loan Agreement also includes a Stipulated Settlement that provides that findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure are hereby waived. The Stipulated Settlement also provides that the Defendant waives any right it may have to contest the validity of the Consent Order and Judgment and that the Order may be presented by plaintiff to the Court for signature and entry notice, however, the United States will provide notice of entry to Defendant. The Consent Order and Judgment provides in part, that pursuant to the "provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Polestar and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Polestar..." The Order also provides for the entry of judgment against Polestar. John W. Doerer, President and Director of Polestar, has signed the Consent Order and Judgment. Polestar remains subject to SBA's regulations.

13. Paragraph 12 enumerates the Events of Default for the Loan Agreement and provides that if any one or more of the stated Events of Default enumerated in the agreement occur and remain uncured for a period of thirty (30) days after Licensee shall have received written notice and such default shall have remained uncured, the entire unpaid balance of the principal and interest of the Secured Note and all other obligations and indebtedness of the Licensee to SBA shall become immediately due and payable without the necessity of any demand, presentment, protest or notice upon the Licensee, all of which are expressly waived by Licensee. As a result of a default SBA may, in its sole discretion, enforce the previously signed Consent to Receivership

4

and apply to the U.S. District Court for the appointment of SBA as Receiver and for a money judgment.

14. By letter dated December 4, 2004, SBA informed Polestar that Polestar had failed to make payment when due pursuant to the terms of the loan agreement. Such failure constitutes an Event of Default under the terms of the loan agreement. SBA made formal demand for payment in full. Copies of the letter are attached hereto as Exhibit 2.

15. As of January 5, 2005, Polestar was indebted to SBA in the total amount of $2,249,292.19. Interest continues to accrue at the rate of $195.62 per day. A copy of the SBA Statement of Account as of January 5, 2005 is attached hereto as Exhibit 3 and incorporated herein by reference.

### Count One

### Default of a Loan Agreement

16. Paragraphs 1 through 15, above, are hereby incorporated by reference as though set for in their entirety herein.

17. As described above, Polestar has violated SBA's regulations. As a result, SBA and Polestar entered into a loan agreement and SBA agreed to restructure Polestar's indebtedness to SBA in the form of a secured note.

18. Polestar admits that it failed to pay the secured note when due which constitutes an event of default and entitles SBA to the requested and agreed upon relief of the appointment of SBA as Receiver of Polestar.

### Count Two

### Failure to comply with terms of a written agreement

19. Paragraphs 1 through 15, above, are hereby incorporated by reference as though set for in their entirety herein.

20. Section 107.1810(f)(7) provides that nonperformance of any terms or conditions of any agreement with SBA will constitute an event of default with an opportunity to cure.

21. As described above, Polestar has defaulted on the loan agreement with SBA, thereby failing to perform a term and a condition of an agreement with SBA. Polestar has failed to cure this violation. This default constitutes a violation of this regulation, which entitles SBA to the requested and agreed upon relief of the appointment of SBA as Receiver of Polestar. Polestar has consented to the appointment of SBA as receiver and to the judgment.

### Claim for Relief

WHEREFORE, PLAINTIFF PRAYS:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Polestar its officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursement of defendant's funds; (2) using, investing, conveying, disposing, executing, or encumbering in any fashion any or all funds or assets of the defendant, wherever located; or, (3) violating the Act and the Regulations promulgated there under;

B. That this Court determine and adjudicate Polestar's noncompliance with, and violation of the Act, and Regulations promulgated there under;

C. That this Court take exclusive jurisdiction of Polestar, and all its assets, wherever located, appoint the SBA as permanent receiver of Polestar for the purpose of liquidating all of defendant's assets and satisfying the claims of creditors therefrom in the order of priority as

determined by this Court, and pursuing all causes of action available to Polestar against third parties;

D. That this Court direct the entry of an order of judgment against Polestar for the total sum of $2,249,292.22, which consists of the outstanding obligation to SBA as of January 4, 2005, plus interest which accrues at the rate of $195.62 per diem to the date of entry of judgment and with interest as allowed by law from the date of entry of judgment;

E. That upon the Receiver's request, this Court revoke Polestar's license to operate as an SBIC.

F. That this Court grant such other and further relief as may be deemed just and equitable.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: _____
Joseph A. Stewart
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Il 60604-1702
(312) 469-6008

UNITED STATES SMALL BUSINESS ADMINISTRATION

By: _____
Arlene P. Messinger
Assistant General Counsel for SBIC Enforcement
Small Business Administration
409 3rd Street, S.W., 7th floor
Washington, D.C. 20416
(202) 205-6857

Attorneys for Plaintiff

7

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 2.3 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:05-cv-01059

United States Of America v. Polestar Capital Corp.
Assigned to: Honorable Robert W. Gettleman
Demand: $9999000
Cause: 28:1345 Recovery of Erroneous Refund

Date Filed: 02/22/2005
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**United States Of America**              represented by **Joseph A Stewart**
United States Attorney's Office
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Polestar Capital Corp.**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/22/2005 | 1 | COMPLAINT filed by United States Of America. (air, ) (Entered: 02/24/2005) |
| 02/22/2005 | 2 | CIVIL Cover Sheet. (air, ) (Entered: 02/24/2005) |
| 04/04/2005 | 3 | JOINT APPLICATION by Plaintiff United States Of America for entry of consent judgment (gma, ) (Entered: 04/04/2005) |
| 04/04/2005 | 4 | NOTICE of Motion by Joseph A Stewart for presentment of JOINT APPLICATION by Plaintiff United States Of America for entry of consent judgment 3 before Honorable John F. Grady on 4/6/2005 at 11:00 AM. (gma, ) (Entered: 04/04/2005) |
| 04/06/2005 | 5 | MINUTE entry before Judge John F. Grady : Plaintiff's joint application for stipulation for entry of consent judgment 3is granted. Enter consent judgment: It is ordered that judgment is entered in favor of plaintiff, United States of America on behalf of its agency, the U.S. Small Business Administration against the defendant, Polestar Capital, Inc. in the principal sum of $2,266,115.54 plus per diem of $195.62 up to the date of this judgment, together with post-judgment interest at the rate allowed by law. Judicial staff notice (air, ) (Entered: 04/11/2005) |
| 04/06/2005 | 6 | CONSENT Order and Judgment. Signed by Judge John F. Grady on 4/6/2005. No notice (air, ) (Entered: 04/11/2005) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
    Plaintiff, )
)
v. )    Civil Case No. 05 C 1059
)
POLESTAR CAPITAL, INC. )
    Defendant. )
)    **05MBD 10171**
)

## CONSENT ORDER AND JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

    1.    Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Polestar Capital, Inc. ("Polestar") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Polestar ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of Polestar's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

    2.    The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, investment advisors and other agents of Polestar under applicable state and federal law, by the Articles of Incorporation, and By-Laws of said corporation, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, employees, managers, investment advisors and agents of Polestar are hereby dismissed. Such persons shall have no authority with respect to Polestar's operations or assets, except to

the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Polestar and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, managers, investment advisors, agents, trustees, attorneys, accountants, and employees of Polestar, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Polestar and its assets and all other assets and property of the corporation, whether real or personal. The Receiver will provide reasonable access to all participants with regard to any investment in the Polestar portfolio. The former President, Director and/or other agent of Polestar, shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Polestar as well as the names, addresses and amounts of claims of all known creditors of Polestar. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of Polestar are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors and debtors of Polestar, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Polestar, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver

and its receipt for such payments shall have the same force and effect as if Polestar had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Polestar, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. Polestar's past and/or present officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors of Polestar and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules

of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Polestar. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of Polestar, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Polestar, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

The parties, or any prospective parties, to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving Polestar or any assets of Polestar, including subsidiaries, partnerships and other business combinations of Polestar, wherever located, or involving Polestar, the Receiver, or any of Polestar's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Polestar or any assets of Polestar,

including subsidiaries, partnerships and other business combinations of Polestar, wherever located, and excluding the instant proceeding, or involving Polestar, the Receiver, or any of Polestar's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

8. Further, as to a cause of action accrued or accruing in favor of Polestar against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

9. Polestar and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Polestar to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

10. The Receiver is authorized to borrow on behalf of Polestar, from the SBA, up to $100,000 and is authorized to cause Polestar to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear

5

interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

11. Judgment is hereby entered in favor of Plaintiff, United States of America, on behalf of its agency, the U.S. Small Business Administration ("SBA"), against Defendant, Polestar Capital, Inc. ("Polestar"), in the principal sum of ✓ $2,266,115.54 plus per diem of ✓ $195.62 up to the date of entry of this Judgment, together with post-judgment interest at the rate allowed by law.

12. This Court determines and adjudicates that Polestar has violated the Act and the Regulations. A Receiver shall be appointed based on Polestar's consent.

6

SEEN AND AGREED BY POLESTAR CAPITAL, INC. AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

*[signature]*

President and Director
Polestar Capital, Inc.

*[signature]*

Gail G. Green
Chief, Account Resolution Branch
U.S. Small Business Administration


SO ORDERED, DATED this 6th day of April, 2005

*[signature]*
UNITED STATES DISTRICT COURT JUDGE

7